UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| DENISE GILLMAN, | PLAINTIFF |
| and | |
| ANTHEM HEALTH PLANS OF KY, INC., | INTERVENING PLAINTIFF |
| v. | CIVIL ACTION NO. 3:06-CV-431-S |
| HUNNINGTON PLACE, LP, THE BROADBENT COMPANY, INC., and S&B CONSTRUCTION COMPANY, INC. | DEFENDANTS |
| and | |
| S&B CONSTRUCTION COMPANY, INC., | THIRD PARTY PLAINTIFF |
| v. | |
| COMMONWEALTH ROOFING CORP., EURO PLASTERING, INC. MASONRY DESIGNS INC., and EURO QUALITY CONSTRUCTION | THIRD PARTY DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the third party defendant, Euro Plastering, Inc. ("Euro Plastering") for summary judgment (DN 56). For the reasons stated herein, the motion will be granted.

On July 30, 2005, the plaintiff Denise Gillman ("Gillman"), was walking on the sidewalk outside of the Kinney Dance Wear (the "Store") located in the Hunnington Place Shopping Center ("Hunnington Place") in Louisville, Kentucky. Gillman was attempting to patronize the Store. Hunnington Place was undergoing construction and remodeling at this time, and Gillman alleges that construction debris of

various types was strewn about on the sidewalk outside the Store. Gillman alleges that she attempted to step around the construction debris when her foot became entangled in a piece of insulation or "foamy" type of debris. She alleges that as her right foot made contact with this debris, her left foot landed on the side of a landscaping bed in front of the Store. According to Gillman, the landscaping bed had a steep-edged drop off which caused her to twist her left ankle and fall forward. As a result of her fall, Gillman suffered a torn anterior cruciate ligament in her right knee. Gillman brought a negligence action against Hunnington Place, LP, the owner of Hunnington Place, The Broadbent Company, Inc., the property manager of Hunnington Place, and S&B Construction Company, Inc. ("S&B Construction" or "S&B"), the contractor performing the construction and remodeling at Hunnington Place, alleging that they failed to maintain the sidewalk in a reasonably safe condition by failing to remove the construction debris.

S&B Construction filed a third party complaint against Euro Plastering, Commonwealth Roofing Corp., Masonry Designs, Inc., and Euro Quality Construction, claiming that these subcontractors were responsible for the debris over which Gillman alleges to have fallen and that they would therefore be liable for Gillman's injuries. Euro Plastering has moved for summary judgment and dismissal of S&B Construction's third party complaint against it on the grounds that it was not responsible for the debris over which Gillman alleges to have fallen.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct.

2505, 2510 (1986).  The dispute must also be genuine.  The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party.  *Id.* at 2510.  The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.  *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.  *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

In order to state a cause of action based on negligence in Kentucky, a plaintiff must establish a duty on the defendant, a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff.  *Lewis v. B&R Corporation*, 56 S.W.3d 432, 436-37 (Ky.App. 2001) (citations omitted).

In her deposition, Gillman testified that her right foot stepped on a piece of "foamy material" and that this led to her fall.  She testified that the "foamy material" she stepped on was the same type of material that was nailed to the posts at Huntington Place. Euro Plastering has provided photographs of Hunnington Place in the area in which Gillman alleges she fell.  The photographs depict material attached to the posts as well as material lying on the ground.  Euro Plastering contends the material lying on the ground is the same type of material that is attached to the posts.  The material depicted in the photographs is "GP DENSGLASS GOLD Exterior Sheathing."  Euro Plastering has proffered the affidavit of its owner, Doru Norocea, which states that Euro Plastering was not responsible for, or involved with, the handling, application, or installation of GP DENSGLASS GOLD Exterior Sheathing. Euro Plastering contends that no issue of fact exists as to whether it was responsible for the material over which Gillman fell, and that S&B Construction cannot prove that it was negligent and therefore liable for Gillman's injuries.

S&B Construction contends that pursuant to the contract it entered into with Euro Plastering, Euro Plastering was responsible for working on Hunnington Place's frame and posts using materials "composed of a glass-fiber-mesh-reinforced base coat applied directly to insulation," and was responsible for the clean up and disposal of such debris. S&B also contends that Euro Plastering was working at the site of Gillman's fall two days prior to her fall. S&B has proffered the testimony of a witness to Gillman's accident who testified that "foam chunks and pieces, and... gravel" were on the sidewalk at the time of Gillman's fall. The witness testified that the bigger foam chunks were used on the posts and the little pieces of foam came from the ceiling. S&B contends that this material may have led to Gillman's fall. S&B also contends that because Euro Plastering was responsible for framing and post work and failed to clean up their material, Euro Plastering was negligent and would bear responsibility for the fall.

S&B's evidence is not sufficient to create a genuine issue of fact as to whether Euro Plastering was responsible for, or had any involvement with, the debris on which Plaintiff alleges she stepped. Even though, Euro Plastering may have worked on the posts at Hunnington Place, Norocea's affidavit specifically states that Euro Plastering was not responsible for, and had no involvement with, the application of GP DENSGLASS GOLD Exterior Sheathing. In Gillman's deposition, she stated that she stepped on the same type of material that was attached to the posts. Gillman acknowledged that the photographs shown to her at her deposition depicted the area in which she fell. The material attached to the posts in the photographs was GP DENSGLASS GOLD Exterior Sheathing. S&B has offered no evidence indicating that Euro Plastering was responsible for, used, or was involved with this particular material. Accordingly, S&B cannot prove that Euro Plastering was responsible for cleaning up and disposing of the material on which Plaintiff alleges she stepped. Therefore, S&B is not entitled to

- 5 -

reimbursement, contribution, or indemnification from Euro Plastering for any amount which S&B is found liable to Gillman, and Euro Plastering's motion for summary judgment will be granted.[1]

S&B argues that the court should allow the parties to complete discovery and decide any motions for summary judgment based on a fully developed record. However, S&B has not filed a Rule 56(f) affidavit detailing her need for additional discovery, and a party need not wait until the close of discovery to file a motion for summary judgment.

For the reasons stated herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the third party defendant, Euro Plastering, Inc., for summary judgment (DN 56) is **GRANTED**, and S&B Construction Company, Inc.'s claims against it are **DISMISSED.**

---

[1] Although the contract entered into between S&B and Euro Plastering includes a provision stating that Euro Plastering agrees to indemnify, defend, and save S&B harmless from any damages that arise out of its construction work, such provision applies only when the damages arise out of Euro Plastering's negligence or failure to perform the provisions of the contract. Because no issue of fact exists as to whether Euro Plastering was responsible for, or involved with, the debris on which Plaintiff alleges she stepped, this provision does not entitle S&B to indemnification from Euro Plastering.